# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| **CURTIS HALL** | **CIVIL ACTION NO. 13-908-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **JERRY GOODWIN, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Curtis Hall ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on May 1, 2013. Plaintiff is incarcerated at the Allen Correctional Center, but claims his civil rights were violated by prison officials while incarcerated at the David Wade Correctional Center in Homer, Louisiana. Plaintiff names the Louisiana Department of Public Safety and Corrections, Jerry Goodwin, Angie Huff, Lonnie Nail, Robert Rachal, Dr. Fuller, and Paula M. Millwee as defendants.

Plaintiff claims that on May 13, 2012, he slipped and fell and suffered injuries to his head and lower back. He claims he was not given a duty status for a lower bunk. He claims he has a top bunk without a ladder. He claims his lower back has not healed because he has to climb in and out of the top bunk. He claims he was given no medication for his back

pain.  Plaintiff claims Defendants' negligence caused him to suffer serious back pain.

Plaintiff claims he made sick calls on May 13, 15, 21, and 25 of 2012.  He claims he saw a doctor on May 15, 21, and 25,  June 1, 3, 15, and 18, July 24, and August 18 of 2012. Plaintiff claims he was not x-rayed and did not receive medication.  Plaintiff admits he was told to ask for Tylenol or aspirin.  Plaintiff admits he was transported to E.A. Conway on June 7, 2012, but claims he did not receive treatment.

Accordingly, Plaintiff is seeking a monetary reward, punitive damages, compensatory damages, any other relief to which he is entitled, court costs, and a geographical transfer.

For the following reasons, Plaintiff's complaint should be dismissed.

## LAW AND ANALYSIS

Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law.  The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged denial of or inadequate medical care is the Eighth Amendment prohibition against cruel and unusual punishment.

The lack of proper inmate medical care rises to the level of a constitutional deprivation under the Eighth Amendment of the United States Constitution only if the evidence shows that the prison officials showed "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976); See also Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978 (1994).  It is only deliberate indifference, "an unnecessary and wanton infliction of pain" or an act "repugnant to the conscience of

mankind," that constitutes conduct proscribed by the Eighth Amendment.  <u>Estelle</u>, 429 U.S. at 105-06, 97 S. Ct. at 292; <u>See</u> <u>also</u> <u>Gregg v. Georgia</u>, 428 U.S. 153, 96 S. Ct. 2909 (1976). Further, the plaintiff must establish that the defendants possessed a culpable state of mind. <u>See</u> <u>Wilson v. Seiter</u>, 501 U.S. 294, 297-302, 111 S. Ct. 2321, 2323-27 (1991); <u>Farmer</u>, 511 U.S. at 838-47, 114 S. Ct. at 1979-84. In addition, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs. <u>See</u> <u>Norton v. Dimazana</u>, 122 F.3d 286, 292 (5th Cir. 1997).

In this case, after a thorough review of Plaintiff's complaint, read in a light most favorable to him, the court finds that the facts alleged do not support a finding of deliberate indifference to serious medical needs.  To the contrary, the record demonstrates that Defendants were attentive to the medical needs of Plaintiff.  It has been consistently held that an inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs.  <u>Norton v. Dimazana</u>, 122 F.2d 286, 292 (5th Cir. 1997); <u>Callaway v. Smith County</u>, 991 F. Supp. 801, 809 (E.D. Tex. 1998); <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985); <u>Mayweather v. Foti</u>, 958 F.2d 91 (5th Cir. 1992). Plaintiff admits he was made numerous sick calls, was examined by the medical staff, and was transported to E.A. Conway.  He disagrees with the treatment for his condition. Plaintiff's complaint is devoid of factual allegations that would tend to show Defendants acted with a culpable state of mind or that their actions were "unnecessary and wanton." Furthermore, as previously discussed, disagreement with the diagnostic measures or methods

of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs.

Plaintiff's allegations, if accepted as true, may amount to a state law claim for negligence, a tort.  However, mere negligence, neglect or medical malpractice does not amount to a denial of a constitutional right as these actions on the part of Defendants do not rise to the level of a constitutional tort.  See Daniels v. Williams, 474 U.S. 327, 329-30, 106 S. Ct. 662, 664 (1986); Estelle, 429 U.S. at 106, 97 S. Ct. at 292; Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988).  The fact that Plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. See Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).   Prisoners are not constitutionally entitled to the best medical care that money can buy. See Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992).

Accordingly, Plaintiff's claims should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed.  See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).  District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact.  See

Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 21st

day of March 2016.

Mark L. Hornsby
U.S. Magistrate Judge